1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COLT BORGESON,

                              Plaintiff,

        v.

C/O SIGH, *et al.*,

                          Defendants.

Case No. C18-1059-RSM-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

      This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Colt Borgeson alleges in his complaint that corrections officers at the Snohomish County Jail used excessive force against him when transferring him between housing modules at the jail, and that he was thereafter denied medical attention for injuries suffered during the use of force incident. Plaintiff identifies Snohomish County Corrections Officers Sigh and Sewell, and Corrections Sergeant Johnston, as defendants in his complaint. Defendants now move to dismiss this action under Fed. R. Civ. P. 12(b)(6) based on plaintiff's failure to exhaust his administrative remedies. Plaintiff has not filed any response to defendants' motion. The Court, having reviewed defendants' motion, and the balance of the record, concludes that defendants' motion to dismiss should be granted and

REPORT AND RECOMMENDATION - 1

1  plaintiff's complaint should be dismissed without prejudice.

2  DISCUSSION

3      Plaintiff submitted his civil rights complaint to the Court for filing on July 16, 2018. (*See*

4  Dkt. 1.) He alleges in his verified complaint that on July 4, 2018, while confined at the Snohomish

5  County Jail ("SCJ"), corrections officers used excessive force against him as they were transferring

6  him between housing modules at the jail, causing injuries to his hand, face and lower back. (*See*

7  Dkt. 6 at 3-5.) Plaintiff further alleges that after complaining to the corrections sergeant about the

8  use of force, and indicating he was in need of medical attention, he waited hours before receiving

9  anything to treat his pain. (*Id*. at 5.)

10      Defendants argue in their motion to dismiss that this action should be dismissed because

11  plaintiff failed to comply with the exhaustion requirement of the Prison Litigation Reform Act

12  (PLRA), 42 U.S.C. § 1997e(a). (*See* Dkt. 19 at 2-3.) Section 1997e(a) provides that "[n]o action

13  shall be brought with respect to prison conditions under section 1983 of this title, or any other

14  Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

15  administrative remedies as are available are exhausted." Section 1997e(a) requires *complete*

16  exhaustion through any available process. *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth*

17  *v. Churner*, 532 U.S. 731, 735 (2001). Section 1997e(a) also requires *proper* exhaustion.

18  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006). "Proper" exhaustion means full compliance by a

19  prisoner with all procedural requirements of an institution's grievance process. *See id*. at 93-95.

20  If administrative remedies have not been exhausted at the time an action is brought, the action

21  must be dismissed without prejudice. *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir.

22  2002)(per curiam).

23      Failure to exhaust administrative remedies is an affirmative defense which should

REPORT AND RECOMMENDATION - 2

1    ordinarily be brought in a motion for summary judgment, under Rule 56 of the Federal Rules of

2    Civil Procedure, with the burden resting on the defendant to plead and prove the failure of a

3    plaintiff to exhaust available administrative remedies.  *Albino v. Baca*, 747 F.3d 1162, 1168-69

4    (9th Cir. 2014).  However, the Ninth Circuit noted in *Albino* that in rare cases, failure to exhaust

5    may be clear from the face of the complaint and in such cases a defendant may move for dismissal

6    under Rule 12(b)(6) for failure to state a claim.  *Id*. at 1169.

7         Defendants argue that dismissal under Rule 12(b)(6) is appropriate in this action because

8    it is clear from the face of plaintiff's complaint that plaintiff failed to exhaust the administrative

9    remedies available to him at the SCJ before filing this case.  (*See* Dkt. 19 at 3.)  Defendants note

10   plaintiff's acknowledgements in his complaint that: (1) there is a grievance procedure available at

11   the SCJ; (2) he did not file any grievances concerning the facts related to his complaint; and, (3)

12   the grievance process has therefore not been completed.  (*Id*. at 1-2.)  Defendants, citing to two

13   other civil rights actions filed by plaintiff in recent months, also note that plaintiff is obviously

14   familiar with the grievance procedure at the SCJ as he availed himself of that procedure prior to

15   filing his other recent actions.  (*See id*. at 2, 7-10, 19-23.)

16        Plaintiff's complaint does, in fact, confirm that plaintiff failed to exhaust his administrative

17   remedies in this instance and that the failure to exhaust was intentional.  (*See* Dkt. 6 at 2.)  Plaintiff

18   indicates in his complaint that he did not file any grievances concerning the facts related to the

19   complaint because he feared "more" retaliation.  (*Id*.)  The Ninth Circuit has recognized that acts

20   by prison officials that prevent the exhaustion of administrative remedies may make administrative

21   remedies effectively unavailable to a prisoner.  *See Nunez v. Duncan*, 591 F.3d 1217, 1224-25 (9th

22   Cir. 2010).

23        Similarly, in *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016), the United States Supreme Court

REPORT AND RECOMMENDATION - 3

1    held that § 1997e(a) requires an inmate to exhaust only those grievance procedures "that are

2    capable of use to obtain some relief for the action complained of." *Id*. (citation and internal

3    quotation marks omitted).  The Supreme Court went on to note three circumstances in which an

4    administrative remedy, although officially available, is not capable of use to obtain relief:  (1)

5    when the administrative procedure "operates as a simple dead end—with officers unable or

6    consistently unwilling to provide any relief to aggrieved inmates"; (2) when the administrative

7    scheme is "so opaque that it becomes practically speaking, incapable of use" because "no ordinary

8    prisoner can discern or navigate it"; and (3) when prison administrators "thwart inmates from

9    taking advantage of a grievance process through machination, misrepresentation, or intimidation."

10   *Ross*, 136 S. Ct. at 1859-60.

11        Plaintiff does not explain in his pleading what kind of retaliation he has experienced at the

12   SCJ, or what he expected to experience as a result of filing a grievance concerning the facts related

13   to this specific case.  It is noteworthy that while plaintiff was apparently reluctant to file a

14   grievance, he demonstrated no such reluctance in filing this action a relatively short time after the

15   incident giving rise to the claims alleged in his complaint occurred.  This would seem to undermine

16   any claim that plaintiff feared retaliation for pursuing remedies based on the claims asserted in this

17   action.  Plaintiff makes no showing that jail officials rendered the jail's grievance procedures

18   unavailable to him.  His conclusory allegation that he feared retaliation is not sufficient to excuse

19   the exhaustion requirement.

20        As it is clear from the face of plaintiff's complaint that he failed to exhaust the

21   administrative remedies available to him at the SCJ before filing this action, this action must be

22   dismissed for failure of plaintiff to comply with the exhaustion requirement of 42 U.S.C. §

23   1997e(a).

REPORT AND RECOMMENDATION - 4

CONCLUSION

Based on the foregoing, this Court recommends that defendants' motion to dismiss be granted, and that plaintiff's complaint and this action be dismissed without prejudice. A proposed order accompanies this Report and Recommendation.

DEADLINE FOR OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on December 7, 2018.

DATED this 9th day of November, 2018.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5